COMMERCIAL AND RAILROAD BANK OF VICKSBURG *vs.* GEORGE F. A. ATHERTON.

When a note is sued upon which was payable to and discounted by a bank, it is incompetent for the purpose of diminishing the amount of the recovery, to show that the bills of the bank were at a depreciation when the note matured; the bank is entitled to recover the full amount of the note.

Had the defendant held the bills of the bank and offered them as a set-off, the bank, notwithstanding the debt had been assigned, might perhaps have been compelled to receive them.

THIS cause was tried in the Warren circuit court.

The Commercial and Railroad Bank, suing for the use of William W. Frazier, Thomas E. Robins and William S. Bodley, trustees thereof, sued George F. A. Atherton upon a promissory note made by him for forty thousand dollars, payable to the bank. Atherton plead non assumpsit, payment, and set-off.

On the trial of the cause, the defendant introduced a witness who proved that on the day the note sued on matured, the bank notes or bills of the plaintiff's were worth about sixty or sixty-five cents in the dollar, for specie or its equivalent. The counsel for the bank objected to the introduction of this proof, but the court overruled their objection. This was all the testimony offered by the defendant.

The defendant asked the court to instruct the jury, "that in finding for the plaintiffs on the note sued on, they must assess the damages calculated at the value of the notes, commonly called bank notes of the said Commercial and Railroad Bank, in specie or its equivalent, at the time the note sued on became due." The court gave this instruction, and the plaintiffs excepted.

The plaintiffs, by their counsel, then asked the court to instruct the jury, "that if they found a verdict for the plaintiff, no evidence having been offered by the defendant, and no proof made by him of payment of the note sued on, or any part thereof, or

of any offset, that they must assess the damages of the plaintiff at the full amount of the note sued on, with legal interest from the time it became due;" which instruction the court refused to give, and the plaintiffs again excepted.

The plaintiffs moved for a new trial, which was refused, and the case brought here for revision.

The errors assigned here, are the illegal introduction of the testimony below, the refusal to give the instructions asked for by the plaintiffs, and the giving the instructions asked for by the defendants.

*W. S. Bodley,* for the plaintiffs in error.
*George S. & J. S. Yerger,* for defendants in error.

Mr. Justice CLAYTON delivered the opinion of the court.

This is an action of assumpsit brought by the plaintiff in error, against the defendant, upon a promissory note for some $40,000, due twelve months after its date. The error complained of grows out of an exception to the admission of certain testimony in the court below; and the charge of the court in reference to the point arising upon that testimony. The evidence objected to, but received by the court was, that at the time of the maturity of the note, the bills of the bank were worth only sixty or sixty-five cents in the dollar. No other defence was offered, and no other proof introduced. The court, after admitting the testimony, charged the jury, " that in finding for the plaintiffs on the note sued on, they must assess the damages calculated at the value of the bank bills of said bank, in specie or its equivalent, at the time the note sued on became due." A verdict was found for the plaintiff in accordance with this charge, and the case is brought to this court to correct the alledged error.

It is not easy to perceive any principle on which this case can rest. If the note were one which had been discounted by the bank, in paper depreciated at the time of such discount, or if there had been a tender of the bills of the bank when the note sued on fell due, then there would be room to contend that the

defendant was not bound to pay more than the value of the depreciated paper. But surely the depreciation of the paper of the bank at the maturity of the note, was no reason that the defendant should not pay the full amount of his debt, any more than the poverty of any other plaintiff should prevent the recovery of his just dues. Had the bills been offered as a set-off, the bank, notwithstanding the assignment, might perhaps have been compelled to receive them; but there could be no justice in making it receive less than the full amount. Under certain circumstances the assignees would stand in the same situation with the bank; whether those circumstances exist in this case, we have no means of determining. But whether they occupy that relation to the defendant or not, we can see no reason in the present attitude of the case, to compel them to receive less than the amount called for by the note.

In any aspect of the cause, the charge was erroneous, and the admission of the testimony improper, and the judgment must be reversed and a new trial awarded.